UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JAMES MILLER,

    Plaintiff,

v.

LINCOLN PARK POLICE
DEPARTMENT, *et al.*,

    Defendants.

Case No. 18-11284
Honorable Laurie J. Michelson

**OPINION AND ORDER SUMMARILY DISMISSING THE STATE OF MICHIGAN AND THE LINCOLN PARK POLICE DEPARTMENT AS DEFENDANTS**

Charles James Miller filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Miller argues that members of the Lincoln Park Police Department violated his Fourth Amendment right to be free from unlawful search and seizure when they seized property beyond the scope of their search warrant. He seeks compensation for the value of the property as well as punitive damages.

Having reviewed the complaint, the Court concludes that it must be summarily dismiss the State of Michigan and the Lincoln Park Police Department as defendants in this matter.

**I.**

Plaintiff was granted *in forma pauperis* status under 28 U.S.C. § 1915(a)(1). (R. 3.) Under the Prison Litigation Reform Act (PLRA), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against

1

a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**II.**

Two of the named defendants are improper parties. Those parties must therefore be dismissed.

Miller names the State of Michigan as a defendant. (R. 1.) Federal courts lack subject-matter jurisdiction over suits against a state, unless the state has waived its sovereign immunity or Congress has expressly abrogated it by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–99 (1984). A state's sovereign immunity bars all suits in federal court "against the state and its departments," "whether for injunctive, declaratory or monetary relief." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). The Court will therefore dismiss the State of Michigan from the case.

Miller also names the Lincoln Park Police Department as a defendant in this action. (R. 1.) But the Lincoln Park Police Department is a mere subunit of the municipality of Lincoln Park and is therefore not an appropriate party to name in a § 1983 suit. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007). Since the proper entity is the City of Lincoln Park, the Court will treat this party as though it was named. *See Dubard v. Buckberry*, No. 10-12740, 2010 WL 3168635, at *2 (E.D. Mich. Aug. 10, 2010); *Wolgast v. Tawas Police Auth.*, 05-10278-BC, 2006 WL 2583228, at *4 (E.D. Mich. Sept. 7, 2006). But a § 1983 suit cannot stand against a municipality unless the alleged unconstitutional act was caused by a policy or custom of that municipality. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). And Miller

has put forth no allegations that could be construed as claiming that the alleged unlawful seizure was done pursuant to a policy or custom of Lincoln Park. The Lincoln Park Police Department will therefore be dismissed.

## III.

Based upon the foregoing, the Court DISMISSES the State of Michigan and the Lincoln Park Police Department as defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court directs service on the remaining defendants.

SO ORDERED.

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
Dated: June 20, 2018                        U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 20, 2018.

                                              s/Keisha Jackson
                                              Case Manager