UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JAMES MILLER,

       Plaintiff,                              No. 18-11284

v.                                         District Judge Laurie J. Michelson
                                             Magistrate Judge R. Steven Whalen

LINCOLN PARK POLICE DEPT.,
ET AL.,

       Defendants.
_____/

**ORDER**

Plaintiff Charles James Miller is a prison inmate in the custody of the Federal Bureau of Prisons at the Federal Prison Camp in Tucson, Arizona. On April 24, 2018, he filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging that the Defendants violated his rights under the Fourth Amendment during the execution of a search warrant. On November 26, 2018, Defendants filed a motion to dismiss [Doc. #15]. The Court ordered Plaintiff to file a response by December 27, 2018. Before the Court is Plaintiff's motion for enlargement of time to file his response, and for the appointment of counsel [Doc. #17]. For the reasons and under the terms discussed below, the motion is GRANTED IN PART AND DENIED IN PART.

1.    Appointment of Counsel

Unlike criminal cases, there is no constitutional or statutory right to the appointment of counsel in civil cases. Rather, the Court requests members of the bar to assist in appropriate cases. In *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993), the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a

-1-

constitutional right. It is a privilege that is justified only by exceptional circumstances." (Internal quotations and citations omitted).

It is the practice of this Court to defer any attempt to obtain counsel for *pro se* civil rights Plaintiffs until after motions to dismiss or motions for summary judgment have been denied. The Defendants have filed a motion to dismiss, which is still pending. Plaintiff's request for counsel is premature.

Accordingly, Plaintiff's request for appointment of counsel is DENIED WITHOUT PREJUDICE. If Plaintiff survives dispositive motions, he may renew his request.

## 2. Extension of Time

Plaintiff requests a 120-day extension of time, stating that he is in an Arizona facility that does not have legal material on Michigan law. However, the Defendants' motion to dismiss is not based on Michigan law, nor is Plaintiff's complaint. Plaintiff raises a claim under § 1983, a federal civil rights statute. The claimed violation alleges an unlawful search under the Fourth Amendment. The motion to dismiss is based on the statute of limitations, collateral estoppel, and the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is well-established, and completely non-controversial that the statute of limitations in this § 1983 case is established with reference to Michigan's three-year statute of limitations. The Plaintiff's response to the motion to dismiss does not require any extensive research into or discussion of Michigan law, and the issues can be addressed both factually and legally with federal legal materials that are available to the Plaintiff. Therefore, a 120-day extension of time is not warranted.

However, I do recognize that as a prison inmate, the Plaintiff is at somewhat of a disadvantage as compared to individuals in free society. It would therefore be appropriate

to grant him at least a short extension of time to file his response.

Therefore, Plaintiff's request for extension of time is GRANTED IN PART. He must file a response to Defendants' motion to dismiss on or before FEBRUARY 11, 2019.

IT IS SO ORDERED.


                                      s/ R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

Dated: January 11, 2019


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 11, 2019, electronically and/or by U.S. mail.

                                      s/Carolyn M. Ciesla
                                      Case Manager to the
                                      Honorable R. Steven Whalen