UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JAMES MILLER,

    Plaintiff,                                No. 18-11284

v.                                            District Judge Laurie J. Michelson
                                              Magistrate Judge R. Steven Whalen

LINCOLN PARK POLICE DEPT.,
ET AL.,

    Defendants.
_____/

**OPINION AND ORDER DENYING MOTION TO AMEND [Doc. #22]**

Plaintiff Charles James Miller is a prison inmate in the custody of the Federal Bureau of Prisons at the Federal Prison Camp in Tucson, Arizona. On April 24, 2018, he filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging that the Defendants violated his rights under the Fourth Amendment during the execution of a search warrant. Before the Court is his motion for leave to file an amended complaint [Doc. #22], which he filed contemporaneously with his response to the Defendants' motion to dismiss. Plaintiff has not submitted a proposed amended complaint, and merely states as follows:

> "Here, the defendants motion (Doc. 15) claims that pleading deficits entitle them to dismissal of the entire action. These factual deficits, such that they may exist, are curable by amending the complaint." Doc. #22, Pg. ID 179.

First, Plaintiff has failed to comply with E.D. Mich. LR 15.1, which requires him

-1-

to attach a copy of the proposed amended complaint to any motion seeking leave to amend.

Secondly, on June 24, 2019, I filed a Report and Recommendation ("R&R")[Doc. #26], recommending that the complaint be dismissed with prejudice because (1) it was filed outside the three-year statute of limitations for cases brought under 42 U.S.C. § 1983, and (2) it is barred under the doctrine of collateral estoppel. These two issues are based on indisputable historical facts.

As to the statute of limitations issue, the date of accrual of Plaintiff's Fourth Amendment claim was October 3, 2013. He filed his complaint approximately four and one-half years later, on April 24, 2018. As I explained in my R&R, Plaintiff is not entitled to equitable tolling of the statute.

As to collateral estoppel, the precise Fourth Amendment issue underlying his complaint was decided against Plaintiff is his state criminal case, and, as I explained in my R&R, all four factors of the test for collateral estoppel have been met in this case. *See See Carlton v. Pytell*, 986 F.2d 1421 (6th Cir.1993)("[A] claim in a section 1983 suit may be subject to the preclusive effect of collateral estoppel when a motion to suppress the evidence based on a Fourth Amendment challenge was denied in the state criminal proceeding ...."). The two procedural issues I addressed in my R&R are dispositive of this case, and require dismissal. Granting Plaintiff leave to amend would be futile. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307 (6th Cir. 2000)(holding that

Courts may deny leave to amend when the amendment would be futile).

Accordingly, Plaintiff's motion for leave to file an amended complaint [Doc. #22] is DENIED.

IT IS SO ORDERED.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2019

## CERTIFICATE OF SERVICE

I hereby certify on July 11, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the non-registered ECF participants on July 11, 2019.

                                              s/Carolyn M. Ciesla
                                              Case Manager to
                                              Magistrate Judge R. Steven Whalen